UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOUGLAS R. NEWHOUSE, | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| V. | § | Civil Action 4:19-cv-395 |
| | § | |
| | § | |
| DISH NETWORK L.L.C., | § | |
| Defendant | § | *Jury Trial Requested* |

## ORIGINAL COMPLAINT

**1.** This action for Employment Discrimination arises under Title VII of the Civil Rights Act of 1964 for Employment Discrimination. Jurisdiction is conferred by Title 42 of the United States Code, section 2000e-5.

**2.** This action for Employment Discrimination arises under Title 42 of the United States Code, section 1981. Jurisdiction is conferred by Title 28 U.S.C. Section 1331.

**3.** This Texas state action for Employment Discrimination arises under Chapter 21 of the Texas Labor Code. Supplemental Jurisdiction is conferred by 28 U.S.C. Section 1367.

**4.** Venue is proper in this district under 28 section 1391 because a substantial part of the events or omissions giving rise to all claims occurred in this district.

### Parties

**5.** The plaintiff is Douglas R. Newhouse, who is a resident of Harris County.

**6.** The defendant is DISH Network L.L.C., a foreign corporation organized and existing under the laws of the State of Colorado, whose principal office is located at 9601 South Meridian Blvd., Englewood, Colorado 80112, Arapahoe County.

**7.**     In addition, Defendant is authorized to do business in Texas, has an office in Texas, and employs Texas residents at this local office. The local office is where a substantial part of the events and/or omissions occurred. The local office location is Harris County.

**8.**     The defendant may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218, Travis County.

**Facts**

**9.**     The charge was filed with the Equal Employment Opportunity Commission within the 180 day time period of the incidents giving rise to this action.

**10.**    On November 6, 2018, the Equal Employment Opportunity Commission mailed notice of Plaintiff's right to sue letter to Plaintiff. This action has been filed within the 90 day window of Plaintiff's receipt of notice of his right to sue.

**11.**    Plaintiff, Douglas Newhouse, is a member of a protected class. He is a racial minority, African American.

**12.**    Plaintiff was hired by Defendant in the 1st or 2nd quarter of 2017.

**13.**    He was hired for the job of Cable Technician. No experience was required for this position. New employees that were hired for this position were to undergo a training program for the duration of a month. Plaintiff completed this program upon being hired by Defendant.

**14.**    During his employment with Defendant, Plaintiff was never disciplined or written up for his employment performance.

**15.**    During the month of June of 2018, Plaintiff was assigned to perform job duties in Oklahoma for a duration of two weeks. He was given a company vehicle to drive to Oklahoma for his assignment.

**ORIGINAL COMPLAINT**

**16.** Another employee of Hispanic ethnicity by the name of Jaime Alejandro (Plaintiff is unsure of the exact name but believes this name to be correct), was assigned to perform job duties in Oklahoma with Plaintiff. The two employees were to make the trip to Oklahoma together in separate vehicles given to them by Defendant. Mr. Alejandro was given his own separate vehicle to drive to Oklahoma with Plaintiff.

**17.** While in Oklahoma, Plaintiff used his company vehicle to drive to a night club during the evening, after work hours. His co-worker, Mr. Alejandro, accompanied Plaintiff to the club in the vehicle that was given to Plaintiff by Defendant.

**18.** The next evening, after work hours, or shortly after while still in Oklahoma, Mr. Alejandro used the vehicle that was given to him by Defendant to drive to another night club. Plaintiff accompanied Mr. Alejandro on the trip to the club that night.

**19.** According to Plaintiff, Mr. Alejandro had used company vehicles before with non-black employees, to drive to night clubs when out of town on assignment before making this trip to Oklahoma.

**20.** Defendant was aware of the unauthorized vehicle use by both employees. Upon returning to Houston, Texas from the out of town assignment, Defendant disciplined both employees.

**21.** Defendant merely gave Mr. Alejandro a warning for the unauthorized vehicle use. However, even though Plaintiff had been employed with Defendant for a longer period of time than Mr. Alejandro had been employed with Defendant, Defendant terminated Plaintiff's employment for the unauthorized use. The termination occurred in July of 2018.

**22.** Two weeks later, Plaintiff called Mr. Alejandro to inquire about Mr. Alejandro's employment status with Defendant. Mr. Alejandro was still employed with Defendant. He was not terminated for the unauthorized vehicle use.

**ORIGINAL COMPLAINT**

## Count I. - § 1981 Violation

23.     Title 42 Section 1981 confers the same right on all American citizens to make and enforce contracts as is enjoyed by white citizens.

24.     Plaintiff is not a white citizen, but a black one.

25.     Plaintiff had an existing contract with Defendant that was terminated due to Plaintiff's race. While it is true that he likely broke policy for his unauthorized use of the company vehicle, his co-worker committed the same act. Yet, while Mr. Alejandro was given a warning, Plaintiff was fired. The distinguishing factor was Plaintiff's race.

26.     Plaintiff was not allowed to continue his contractual obligation or enforce his contractual rights in the same manner Mr. Alejandro was allowed to continue his contract and enforce his contractual rights with Defendant. This difference was due to Plaintiff's race, as there were no other distinguishing factors that contributed to this difference.

27.     As a result of Defendant's violation, Plaintiff has suffered the following injuries:

   a. mental anguish past and future

   b. humiliation past and future

   c. lost wages past and future

   d. inconvenience past and future

   e. lost opportunity past and future

   f. loss of enjoyment of life past and future

   g. harm to professional reputation past and future

28.     Plaintiff seeks punitive damages in an amount to properly penalize Defendant for its misconduct and to deter such wrong doing in the future. Defendant impeded Plaintiff's ability to make or enforce contracts with malice or reckless indifference.

### Count II. – Title VII Disparate Treatment Based on Racial Discrimination

29. Plaintiff was employed with Defendant and was terminated due to Plaintiff's race. While it is true that he likely broke policy for his unauthorized use of the company vehicle, his co-worker committed the same act. Yet, while Mr. Alejandro was given a warning, Plaintiff was fired. The distinguishing factor was Plaintiff's race.

30. Plaintiff was not allowed to continue his employment with Defendant. However, Mr. Alejandro was allowed to continue his employment with Defendant. This difference was due to Plaintiff's race, as there were no other distinguishing factors that contributed to this difference.

31. As a result of Defendant's violation, Plaintiff has suffered the following injuries:

   a. mental anguish past and future

   b. humiliation past and future

   c. lost wages past and future

   d. inconvenience past and future

   e. lost opportunity past and future

   f. loss of enjoyment of life past and future

   g. harm to professional reputation past and future

32. Plaintiff seeks punitive damages in an amount to properly penalize Defendant for its misconduct and to deter such wrong doing in the future. Defendant terminated Plaintiff with malice or reckless indifference due to his race.

### Count III – Employment Discrimination under the Texas Labor Code

33. Plaintiff was employed with Defendant and was terminated due to Plaintiff's race. While it is true that he likely broke policy for his unauthorized use of the company vehicle, his co-

**ORIGINAL COMPLAINT**

worker committed the same act. Yet, while Mr. Alejandro was given a warning, Plaintiff was fired. The distinguishing factor was Plaintiff's race.

34. Plaintiff was not allowed to continue his employment with Defendant. However, Mr. Alejandro was allowed to continue his employment with Defendant. This difference was due to Plaintiff's race, as there were no other distinguishing factors that contributed to this difference.

35. As a result of Defendant's violation, Plaintiff has suffered the following injuries:

    a. mental anguish past and future

    b. humiliation past and future

    c. lost wages past and future

    d. inconvenience past and future

    e. lost opportunity past and future

    f. loss of enjoyment of life past and future

    g. harm to professional reputation past and future

36. Under Texas Civil Practice & Remedies Code section 41.003, Plaintiff seeks exemplary damages in an amount to properly penalize Defendant for its misconduct and to deter such wrong doing in the future. Defendant terminated Plaintiff with malice or gross negligence due to his race.

## Jury Demand

37. Plaintiff, Douglas R. Newhouse, demands a trial by jury on all issues triable as of right by a jury.

## PRAYER

**38.**     Plaintiff respectfully prays that the Court award judgment in favor of Plaintiff for violation of Plaintiff's rights under Title 42 § 1981, Title VII of the Civil Rights Act of 1964, Title 42 ¶ 2000e-5, and Texas Labor Code Chapter 21 and that the Court award the following:

   a. actual and consequential damages, plus interest

   b. punitive/exemplary damages

   c. attorney's fees and costs of court

   d. all other relief that justice may require

Respectfully submitted,

The Bozeman Law Firm

/s/ Marc Anson Bozeman
Attorney-In-Charge
Texas State Bar No. 24057044
Federal Bar No. 1533462
9950 Westpark Drive, Suite 320
Houston, Texas 77063
Telephone: (832) 741-7950
mb@bozemanlitigation.com

ATTORNEY FOR PLAINTIFF
DOUGLAS R. NEWHOUSE